IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNEST MONDRAGON and
JEREMY MONDRAGON,

      Plaintiffs,

v.	No. CIV-02-617 WJ/KBM

ANTHONY TRUJILLO, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO DISMISS**

THIS MATTER comes before the Court pursuant to Plaintiff Jeremy Mondragon's Motion to Dismiss Defendant Donovan Mascarenas' Counterclaim for the Tort of Malicious Abuse of Process [Docket No. 17]. Having reviewed the submissions of the parties, the Court finds that the motion is not well taken and will be denied.

**BACKGROUND AND DISCUSSION**

Plaintiffs Ernest and Jeremy Mondragon filed suit against Defendants, including Defendant Mascarenas, alleging various federal and state claims. The only claims against Defendant Mascarenas are those found in Counts I and II. These claims allege that Defendant Mascarenas violated the rights of Plaintiff Ernest Mondragon. Neither of these claims are brought by or on behalf of Plaintiff Jeremy Mondragon.

In his Amended Answer to Plaintiff's First Amended Complaint, Defendant Mascarenas filed a counterclaim against both Plaintiffs alleging malicious abuse of process for the filing of the claims in the First Amended Complaint. The instant motion seeks to dismiss the counterclaim to

the extent it is brought against Plaintiff Jeremy Mondragon.

The issue presented by Plaintiff Jeremy Mondragon's motion is whether, in a case involving multiple plaintiffs and multiple defendants, a particular defendant may maintain a malicious abuse of process counterclaim against all of the plaintiffs who initiated the lawsuit or whether he may only maintain such a counterclaim against those particular plaintiffs who alleged specific claims against him.  Malicious abuse of process is defined in New Mexico by the following elements: 1) the initiation of judicial proceedings against one party by another; 2) an act by the initiating party in the use of process other than such as would be proper in the regular prosecution of the claim; 3) a primary motive by the initiating party in misusing the process to accomplish an illegitimate end; and 4) damages.  Devaney v. Thriftway Marketing Corp., 953 P.2d 277, 283 (N.M. 1997).  The element at issue in this motion is the first element.

The tort of malicious abuse of process attempts to strike a balance between the interest in protecting litigants' right to access the courts and the interest in protecting citizens from misuse of the courts.  Id. at 277.  Because of the potential chilling effect of the tort on the right of access, the tort is not favored in the law and must be narrowly construed.  Id. at 284.  Giving a narrow construction to the tort does not, however, mean that a Court should undermine the essential purpose of the right of action.  The tort is designed to offer redress to a person who has been improperly made the subject of legal process.  Id., at 282.  Liability for torts alleging an abuse of process or malicious prosecution is normally predicated on the procurement, initiation, or continuation of civil proceedings against another.  See Hart v. O'Malley, 676 A.2d 222, 225 (Penn. 1996).  Malicious abuse of process involves the misuse of the power of the judiciary.  Weststar Mortgage Corp. v. Jackson, 39 P.3d 710, 717 (N.M. App. 2002).  These cases indicate

that the scope of the tort is broader than any individual count within a complaint, and a claim for malicious abuse of process may be maintained against any person who participates in the initiation of a judicial proceeding.

In this case, both Plaintiffs initiated the present action against all of the Defendants including Defendant Mascarenas. Because a malicious abuse of process claim involves an allegation than an entire proceeding was initiated with a primary motive of misusing the process, a court need not look at each discreet count of a complaint to determine whether a party may maintain a claim for malicious abuse of process against another party. It is sufficient that Plaintiff Jeremy Mondragon, albeit with the participation of Ernest Mondragon, initiated a civil proceeding in which Donovan Mascarenas was named as a defendant. Defendant Mascarenas' counterclaim for malicious abuse of process will thus not be dismissed with regard to Plaintiff Jeremy Mondragon.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff Jeremy Mondragon's Motion to Dismiss Defendant Donovan Mascarenas' Counterclaim for the Tort of Malicious Abuse of Process [Docket No. 17] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE